UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| SHAHRAM AFSHANI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| SPIRIT REALTY CAPITAL, | § | Civil Action No. 3:19-CV-01421-X |
| INC., SPIRIT SPE PORTFOLIO | § | |
| 2006-1, LLC, and SMTA | § | |
| SHOPKO PORTFOLIO I, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

This dispute stems from the purchase of two pieces of commercial real estate in Wisconsin. Spirit SPE Portfolio 2001-1, LLC (SPE) and SMTA Shopko Portfolio I, LLC (SMTA) owned the properties, which were leased to a retailer. Spirit Realty Capital, Inc. is the parent company of SPE and SMTA. Shahram Afshani bought the properties from SPE and SMTA, but the retailer later filed for bankruptcy. Afshani sued SPE, SMTA, and Spirit for breach of contracts, fraud, rescission, and punitive damages. SPE and SMTA moved for summary judgment, as did Spirit.

For reasons explained below, the Court **GRANTS** SPE and SMTA's motion to dismiss the claims as against SPE and SMTA, **DISMISSES** the claims as against SPE and SMTA, and grants Afshani leave to replead no later than April 10, 2020. The Court also **GRANTS** Spirit's motion to dismiss, **DISMISSES** the claims as against Spirit, and grants Afshani leave to replead no later than April 10, 2020.

## I. Factual Background

Afshani and SPE entered into a Purchase and Sale Agreement on June 20, 2018 in connection with real property located at 4344 Mormon Coulee Rd., La Crosse, Wisconsin. Afshani and SMTA entered into a separate Purchase and Sale Agreement on August 13, 2018 in connection with real property located at 9366 State Highway 16, Onalaska, Wisconsin. Both agreements disclosed there was an existing lease with Shopko Stores Operating Co., LLC (the tenant), a discount retailer, and that SPE and SMTA would deliver a new lease to be executed by the tenant in a form the tenant previously approved. SPE and SMTA delivered the new leases. But Shopko filed for bankruptcy after the transactions closed and Afshani took over the properties. Spirit is the parent company of SPE and SMTA.

Afshani sued in state court in Dallas County, claiming that either the defendants fraudulently induced him into entering into the contracts or breached the contracts by allegedly concealing information about Shopko before closing. Afshani amended his complaint the following day and SPE and SMTA removed the case to this Court. Afshani filed his live, second amended complaint and two motions to dismiss were filed—one by SPE and SMTA and another by Spirit Realty Capital, Inc. (Spirit)

## II. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting as true the factual allegations in the complaint and drawing

all inferences in the plaintiff's favor."[1]  To survive a motion to dismiss, Afshani must allege enough facts "to state a claim to relief that is plausible on its face."[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[5]

But this is a fraud case.  For fraud, Rule 9 requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake."[6]  "In other words, Rule 9(b) requires 'the who, what when, where, and how to be laid out' in the complaint."[7] "To plead an omission with sufficient particularity, plaintiff must specifically plead when a given disclosure should have been made."[8]

---

[1] *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2012)).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S.  at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

[6] Fed. R. Civ. P. Rule 9.

[7] *Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345, 349 (5th Cir. 2012) (citing *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

[8] *Masel v. Villarreal*, 924 F.3d 734, 749 (5th Cir. 2019).

### III.  Application

### A.  Breach of Contract Against SPE and SMTA

SPE and SMTA contend that Afshani's breach claims fail because the complaint never identifies which contract provision they breached.  Afshani contends the live complaint adequately alleges breaches of sections 2.02 and 2.08(b) of both contracts.  The Court agrees with SPE and SMTA that Afshani failed to adequately plead a violation of the contracts but grants leave for Afshani to replead.

Afshani must point to specific contractual provisions that SPE and SMTA allegedly breached.[9]  Here, the relevant allegations are as follows:

> In connection with Plaintiff's execution of the La Crosse Contract, and pursuant to its terms, the La Crosse Seller agreed to furnish and did furnish to Plaintiff a form of new lease ("New Lease") on the La Crosse Property upon which Plaintiff relied in entering into the La Crosse Contract and in agreeing to pay the $5,617,500 purchase price for the La Crosse Property.  In particular, Plaintiff—like most purchasers of commercial property—relied on the income stream reflected in the New Lease on the La Crosse Property in agreeing to enter into the La Crosse Contract, and in agreeing upon the purchase price for the La Crosse Property.

(Doc. 14 at 4).  Additionally, Afshani alleged:

> At the time Defendants delivered the new form of lease for both the La Crosse and Onalaska Properties to Plaintiff, Defendants were each aware, but did not disclose to Plaintiff, that Shopko, the Tenant under the New Lease for both properties, was in severe financial distress and was, in fact, actively considering filing for bankruptcy protection.  The fact and extent of Shopko's severe financial distress represented material facts known only to Defendants and not Plaintiff.

(Doc. No. 14 at 5).  Of course, these allegations fail to identify a breach of a specific

---

[9] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (affirming dismissal of breach of contract claim where plaintiffs' "pleadings failed to identify which provision of the deed of trust [defendant] allegedly breached").

provision.

Afshani attempted to cure that in response to the motion to dismiss by claiming these allegations show a breach of sections 2.02 and 2.08(b). Section 2.02 states Afshani received from SPE and SMTA the form of the new leases and that "[s]eller makes no representation or warranty regarding the Diligence Materials [including the new leases], or any other materials relating to the Property or Tenant, delivered to Purchaser. Seller is under no further obligation to deliver any diligence materials related to the Property." And section 2.08(b) required SPE and SMTA to deliver to Afshani fully executed lease materials at closing. But Afshani's live complaint does not allege that SPE and SMTA breached the only duty these provisions created: (1) failing to deliver the proposed new leases under section 2.02, and (2) failing to deliver the executed leases under section 2.08(b).

At best, Afshani makes the fallback argument that SPE and SMTA breached an implied duty to disclose what they knew about Shopko's financial condition. But this argument conflates contract and tort principles. The duties in the contract are established in the contract. If Afshani points to an implied duty, it is an admission that such a duty is not within the contract. As such, if Afshani has a claim, it is a tort claim. Accordingly, the Court **GRANTS** the motion to dismiss as to the contract claims, **DISMISSES** the contract claims as against SPE and SMTA, and grants Afshani leave to replead no latter than April 10, 2020 to allege breaches of contract by SPE and SMTA.

### B. Fraud or Concealment Against SPE and SMTA

SPE and SMTA argue that (1) the contract expressly disclaimed reliance in

compliance with Texas law, and (2) alternatively, that Afshani failed to adequately meet the heightened pleading standard under Rule 9(b). Afshani contends that the disclaimer fails to comply with Texas law and that the live complaint is sufficiently pled. The Court agrees with SPE and SMTA that the live complaint fails to plead fraud with the required particularity. As such, the Court will refrain from ruling on whether the reliance disclaimer complied with Texas law until seeing Afshani's final attempt at pleading.

Rule 9(b) "requires the who, what when, where, and how to be laid out in the complaint."[10] But the live complaint fails to allege "who" from SPE and SMTA allegedly concealed the financial information regarding Shopko, "where" this information should have been disclosed, and "when" such disclosures should have occurred. As this is Afshani's third complaint, the Court's allowance of one more repleading will be his last. Accordingly, the Court **GRANTS** the motion to dismiss as to the fraud claim, **DISMISSES** the fraud claim against SPE and SMTA, and grants Afshani leave to replead no later than April 10, 2020 to allege fraud by SPE and SMTA.

## C. Rescission Against SPE and SMTA

SPE and SMTA contend that the rescission claim is not a standalone claim and must fail because the contract and fraud claims are not viable. Afshani responds that his contract and fraud claims are viable, and that his rescission claim should stand. The Court agrees with SPE and SMTA.

As addressed above, Afshani's contract and fraud claims are legally defective

---

[10] *Pipefitters Local No. 636*, 499 F. App'x at 349 (quotation marks omitted).

and must be repled. Rescission is a remedy, not a freestanding cause of action.[11]
Because Afshani has no other viable claim for which rescission is a remedy, his
rescission claim is likewise invalid.[12]

### D. Consequential, Special, and Punitive Damages Against SPE and SMTA

SPE and SMTA finally argue that Afshani's request for consequential, special,
and punitive damages is barred by the contract. Afshani contends that SPE and
SMTA cannot rely on a contract they procured with fraudulent means. Because the
Court is requiring Afshani to replead his fraud claim, ruling on this damages request
before that repleading has occurred would be premature.

### E. Fraud Claim Against Spirit

The claims arguably lodged against Spirit are for fraud and breach of contract.
The Court addresses each in turn.

Spirit contends that the fraud claim violates the economic loss rule because it
is the subject of the contract with SPE and SMTA. Spirit also joined in the arguments
SPE and SMTA advanced, which includes the argument that Afshani insufficiently
pled fraud. Afhsani responds that Spirit violated a common law duty to disclose
information related to Shopko and damages beyond what the contract would allow.
In light of the Court's above holding that Afshani insufficiently pled fraud, the Court
will rule on Spirit's economic loss rule argument another day. Accordingly, the Court

---

[11] *See Kennebrew v. Harris*, 425 S.W.3d 588, 595 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("Because rescission is a remedy, it is available only if the other party to the contract has committed some wrong.").

[12] In addition, "[r]escission in a breach of contract case is available only when monetary damages are inadequate." *Jeanbaptiste v. Wells Fargo Bank, N.A.*, No. 3:14-CV-264-K, 2014 WL 2158415 (N.D. Tex. May 22, 2014), aff'd, No. 14-10671, 2014 WL 7723129 (5th Cir. Nov. 7, 2014).

**GRANTS** Spirit's motion to dismiss, **DISMISSES** the fraud claim as against Spirit, and grants Afshani leave to replead its fraud claim as against Spirit no later than April 10, 2020.

### F. Breach Claim Against Spirit

Regarding the breach of contract claim against Spirit, Spirit contends it was not a party to the contract. Afshani responds that it pled that Spirit is the alter ego of SPE and SMTA. The Court holds that Afshani has failed to meet the fraud pleading standard for alter ago.

The weight of authority is that a party must plead fraud in order to prove an alter ego theory.[13] Afshani, in response to this argument, claims that he pled alter ego sufficiently under Texas Business Organizations Code § 21.223(b). But as Afshani admits, this provision only applies if "actual fraud" is shown.[14] Thus, the heightened pleading standard of Rule 9(b) applies to the alter ego theory. But Afshani failed to plead the "the who, what when, where, and how to be laid out" of SPE and SMTA being the alter ego of Spirit.[15] However, this is not an outright basis for dismissal with prejudice but instead is a basis for repleading. Accordingly, the Court **GRANTS** Spirit's motion to dismiss as to the contract claims, **DISMISSES** the

---

[13] *See Ogbonna v. USPLabs, LLC*, EP-13-CV-347-KC, 2014 WL 2592097, at *11-12 (W.D. Tex. June 10, 2014) (applying Texas law, and concluding that, "[b]ecause the Amended Complaint lumps the Defendants together in an attempt to establish fraud, Plaintiff may only satisfy Rule 9(b) if the Amended Complaint elsewhere specifies each Defendant's role in the alleged fraud. . . . The Court therefore dismisses Plaintiff's veil-piercing theory against Texas Defendants insofar as it relates to her breach of warranty claim."); *Hidden Values, Inc. v. Wade*, 3:11-CV-1917-L, 2012 WL 1836087, at *4 (N.D. Tex. May 18, 2012) (applying Rule 9(b) to a plaintiff's alter-ego allegations).

[14] TEX. BUS. ORGS. CODE § 21.223(b) (requiring the "obligee [to] demonstrate[] that the holder, beneficial owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, beneficial owner, subscriber, or affiliate").

[15] *Pipefitters Local No. 636*, 499 F. App'x at 349 (quotation marks omitted)).

contract claim against Spirit, and grants Afshani leave to replead no later than April 10, 2020 to allege breach of contract by Spirit under an alter ego theory.

## IV. Conclusion

For these reasons, the Court **GRANTS** SPE and SMTA's motion to dismiss the claims as against SPE and SMTA, **DISMISSES** the claims as against SPE and SMTA, and grants Afshani leave to replead no later than April 10, 2020. The Court also **GRANTS** Spirit's motion to dismiss, **DISMISSES** the claims as against Spirit, and grants Afshani leave to replead no later than April 10, 2020.[16]

**IT IS SO ORDERED** this 9th day of March.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[16] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.