UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAHRAM AFSHANI, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § Civil Action No. 3:19-CV-01421-X <br> SPIRIT REALTY CAPITAL, INC., § <br> SPIRIT SPE PORTFOLIO 2006-1, § <br> LLC, and SMTA SHOPKO § <br> PORTFOLIO I, LLC, § <br> § <br> *Defendants.* § | |

### MEMORANDUM OPINION AND ORDER

The plaintiff in this case, Shahram Afshani, filed his Third Amended Complaint after the Court dismissed his prior one without prejudice, asking him to fix several mistakes, and warning that this was his final chance to do so. The defendants promptly filed two separate motions to dismiss, arguing that Afshani's repaired complaint still failed to state a claim. They're right.

Accordingly, the Court **GRANTS** defendant Spirit Realty Capital, Inc.'s Motion to Dismiss and **DISMISSES WITH PREJUDICE** all claims against them. And the Court likewise **GRANTS** defendants Spirit SPE Portfolio 2006-1, LLC and SMTA Shopko Portfolio I, LLC's combined Motion to Dismiss, and **DISMISSES WITH PREJUDICE** the claims against them.

### I.  Facts

In 2018, Afshani purchased two commercial properties containing big box stores from two defendants, Spirit SPE Portfolio 2006-1, LLC ("SPE") and SMTA

Shopko Portfolio I, LLC ("SMTA"). Afshani claims both of these LLCs are alter egos for the other defendant in this suit, Spirit Realty Capital, Inc. ("Spirit"). Why might Afshani suspect this? According to his complaint, Travis Carter, a "Vice President and managing agent of [Spirit], was also the managing agent of both SPE and SMTA in both transactions at issue herein" and served as the main point of contact with Afshani regarding both sales. The complaint alleges that Carter told Afshani that Spirit "exercised dominion and control" over the properties he'd purchased.

Yet this alleged asset-commingling isn't the crux of Afshani's concern. The defendants' dastardly deeds, say Afshani, stem from Carter's representations about Shopko (the big box stores' tenant). According to Afshani, SPE and SMTA represented in their contract with Afshani that they would deliver two new leases with Shopko to Afshani that essentially mirrored theirs. And during an attempted third transaction, Carter "orally represented to [Afshani] . . . that Shopko was a very valuable tenant that was vertically integrated and whose lease income could be counted on for years into the future . . . for the full term of the leases" Spirit provided. Specifically, Afshani said Carter told him Shopko's pharmacy and optical divisions were doing well. Afshani alleges that Carter knew this was false because Spirit had inside, nonpublic information from Shopko that the big box mogul was "nearing bankruptcy." But, laments Afshani, he relied on Carter's alleged word that Shopko would be able to fulfill its leases, including payment of rent, until their terms were up in 2031 and 2035, respectively. When it became clear that Shopko wasn't in great financial shape, Afshani sued Spirit, SPE, and SMTA in state court, arguing

that they fraudulently induced him to enter the contracts or breached the contracts by concealing information about Shopko. After the defendants removed the matter to this Court and Afshani amended his complaint several times, this Court dismissed several of Afshani's claims without prejudice, allowing him to replead, but warning him that this "one more repleading [would] be his last."

Afshani filed an amended complaint, and the defendants again moved to dismiss—SPE and SMTA together, and Spirit separately. In their motion, SPE and SMTA argue that Afshani has failed to state a claim for breach of contract because he hasn't identified a contractual provision SPE or SMTA actually breached. Moreover, they say, Afshani hasn't stated any claim for fraud and concealment. Spirit argues essentially the same thing, but additionally asserts that it was improperly joined, that Afshani's fraud claim is barred by the economic loss rule, and that Afshani hasn't sufficiently alleged that SPE or SMTA are Spirit's alter egos.

## II.     Legal Standard

To survive a motion to dismiss, Afshani's complaint must plead "enough facts to state a claim to relief that is plausible on its face."[1] A plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] The pleadings must show "more than a sheer possibility that a defendant

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

has acted unlawfully."[3]  In other words, they must "raise a right to relief above the speculative level."[4]  Complaints alleging fraud must also "state with particularity the circumstances constituting fraud or mistake."[5]  The Fifth Circuit's *Benchmark* case put it this way: the plaintiff must lay out "the who, what, when, where, and how" of the alleged fraudulent conduct in the complaint.[6]

### III.   Analysis

Afshani attempts to state claims of (1) fraud and concealment and (2) breach of contract.  The Court will address them in turn.

#### A.   Fraud and Concealment

The Court previously dismissed Afshani's complaint for failure to plead fraud with sufficient particularity under Rule 9(b).  Not only does this new complaint stop short of remedying this pleading deficiency, it fails to plausibly allege a violation of the state-law elements of fraud.

This is Afshani's fraud theory as best the Court can tell: when the defendants gave Afshani the new leases for both big-box properties, the defendants knew Shopko was in bad financial shape and would default on them, failed to disclose this knowledge within the leases, and concealed this knowledge from Afshani (or outright

---

[3] *Id.*

[4] *Twombly*, 550 U.S. at 545.

[5] FED. R. CIV. P. 9.

[6] *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).  *See also Emps.' Ret. Sys. v. Whole Foods Mkt., Inc.*, 905 F.3d 892, 899 (5th Cir. 2018) (requiring the plaintiff to identify the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby").

lied about it). Afshani then relied on these alleged misrepresentations of material fact in signing both leases for the properties and is therefore owed rescission and other damages from the defendants after Shopko defaulted on the leases.

There is some uncertainty surrounding which theory of fraud Afshani wishes to pursue based on the complaint—common-law fraud, fraudulent inducement, or fraudulent concealment. Regardless, all of these theories must be pled with sufficient particularity under Rule 9(b) when asserted in federal court.[7] In addition, to plead any theory of fraud under Texas law, Afshani must offer enough facts to make it plausible:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.[8]

Afshani's amended complaint fails to state a claim for two reasons. First, Afshani still has not pled his case with sufficient particularity to meet Rule 9. As mentioned above, the Court's previous order dismissed Afshani's fraud claims because Afshani had not specifically pled the "who, where, and when" of these

---

[7] FED. R. CIV. P. 81(c)(1). *See also Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (applying federal pleading rules to state-law claims involving allegations of fraud); *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (holding that "[c]laims . . . asserting fraud, fraudulent inducement, [and] fraudulent concealment . . . are subject to the requirements of Rule 9(b)"); *Am. Realty Tr., Inc. v. Travelers Cas. and Sur. Co. of Am.*, 362 F. Supp. 2d 744, 749 (N.D. Tex. 2005) (Godbey, J.) (adopting *Frith*'s holding).

[8] *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

statements.⁹  Afshani now points the finger at Carter as statement-maker (which fixes his "who" problem), but remains too vague regarding the date and location of these statements (leaving his "when" and "where" problems in place).  For instance, Afshani says Carter made his statements "between June and December of 2018."¹⁰  A swath of seven months is not a particular time.  And Afshani never specifies the place where these statements were made.  They certainly were not made in the contracts, which do not contain clauses resembling any of the statements Carter made.  Other jurists of this Court have recognized that doing exactly what Afshani did here—pleading that fraudulent statements were made at some general time and/or failing to plead where they were made—is insufficient to meet the heightened pleading standard of Rule 9.¹¹

Afshani's amended complaint also fails because the facts Afshani provides to accompany his allegations are not sufficient to plausibly show fraud under Texas law.  Afshani's assertion that the defendants knew Shopko was in bad financial shape is conclusory and unbacked.  There are no facts making it plausible that the defendants knew Shopko was in bad financial condition.¹²  As for what Carter told Afshani,

---

⁹ *Afshani v. Spirit Realty Capital, Inc.*, 2020 WL 1139884 at *6 (N.D. Tex. Mar. 9, 2020).

¹⁰ Doc. No. 34 at 3.

¹¹ *See Rocky Mtn. Choppers, LLC v. Textron Fin. Corp.*, 2012 WL 6004177 at *6 (N.D. Tex. Dec. 3, 2012) (McBryde, J.); *Meyers v. Textron Fin. Corp.*, 2011 WL 4590796 at *2 (N.D. Tex. Oct. 4, 2011) (McBryde, J.); *see also 7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502 at *5 (N.D. Tex. Nov. 19, 2008) (Boyle, J.) (alleging a "broadly stated time period" in which statements took place does not satisfy Rule 9(b)).

¹² Afshani asserts that because Spirit allegedly made a $35 million loan to Shopko, they knew Shopko's financial condition was shaky.  This barebones, unparticular assertion alone is not enough to make it plausible that Spirit (or Carter, Spirit's employee) fraudulently concealed this knowledge as *Italian Cowboy* requires.

Afshani has not alleged facts making it plausible that Carter made the complained-of statements recklessly or that he knew they were false.[13]  This pleading requirement should come as no surprise to Afshani.  The Court's prior ruling informed him that pleadings must offer plausible facts showing a violation in order to state a claim and survive a motion to dismiss.  Despite this, Afshani has not alleged any facts showing (rather than speculating) that Carter had any idea Shopko was in financial trouble when he provided Afshani with the leases, or that Carter's statements were reckless.  If Carter did not know his statements were false when he made them, and if he did not make them recklessly, then they cannot constitute fraud.[14]  So Afshani again has not pled his allegations of fraud with sufficient particularity.  The Court therefore dismisses these assertions with prejudice for failure to state a claim.

### B.     Breach of Contract

Afshani also alleges that the defendants breached their contracts with him.  This allegation is a revamped version of the same claim from his second complaint.[15]  In that filing, Afshani argued that the defendants violated sections 2.02 and 2.08(b) of both leases, but failed to properly allege that the defendants breached the duties imposed under those provisions: delivering the proposed new leases and delivering

---

[13] *See Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010) (statement that business was in "sound financial condition" is insufficient to ground fraudulent statement claim); *see also Hoffman v. L & M Arts*, 838 F.3d 568, 579 (5th Cir. 2016) (holding that "future predictions are generally not actionable").

[14] *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 162 (Tex. 1995) ("A seller has no duty to disclose facts he does not know."); *see also Italian Cowboy*, 341 S.W.3d at 337 (requiring the plaintiff to show that "when the [allegedly fraudulent] representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth").

[15] Doc. No. 14 at 9–14.

the executed leases, respectively.  The Court pointed this out to Afshani and allowed him to replead.[16]

Afshani returns in this complaint with a narrowed claim that has precisely the same problem the Court took issue with last time.  Now Afshani points only at Section 2.02(c) of both documents to establish a breach of contract.  That section requires the seller to deliver to Afshani "a form of new lease . . . to be executed by [Shopko]."[17]  But Afshani never alleges in the complaint that the defendants failed to deliver new leases to him.  In fact, he repeatedly says in the complaint that the defendants gave him new leases.[18]  Afshani instead makes the case that the delivery of these leases, combined with the defendants' alleged knowing failure to disclose their knowledge of Shopko's financial state, constituted "a material fraudulent misrepresentation of a material fact . . . namely, that the New Lease would generate the promised cash flow for the duration of the term of that New Lease."[19]

The Court already explained in its prior order that the only duty created by the plain text of section 2.02 was to deliver the proposed new leases to Afshani.  In addition, the Court ruled that the argument that the sellers had an implied duty under the contract to disclose knowledge of Shopko's finances was a claim sounding

---

[16] *Afshani*, 2020 WL 1139884 at *5.

[17] Doc. No. 34-1 at 5; Doc. No. 34-2 at 4.

[18] Doc. No. 34 at 10, 14–15 ("Defendants delivered the new forms of lease for both . . . Properties to Plaintiff . . . Defendants, and each of them, delivered to Plaintiff the New Lease agreements between Defendants and Shopko . . . in connection with the execution of the . . . Contracts . . . ."). *See also Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

[19] Doc. No. 34 at 7. *See also id*. at 9.

in tort law, not contract law. Despite this, with an opportunity to replead, Afshani does not offer any facts that show the defendants violated any contractual duty. Instead, his facts show that he pled himself out of court on the contract claims. His claims for breach of contract against the defendants are therefore dismissed with prejudice.[20]

\* \* \*

The Court **DISMISSES WITH PREJUDICE** all claims against SPE and SMTA. And the Court likewise **DISMISSES WITH PREJUDICE** all claims against Spirit.[21]

**IT IS SO ORDERED** this 22nd day of January, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[20] Additionally, because Spirit was not a party to either contract, any claims against Spirit on these grounds are dismissed with prejudice. *Interstate Contracting Corp. v. City of Dall., Tex.*, 320 F.3d 539, 543 (5th Cir. 2003) (finding that "under Texas law privity of contract is an essential element necessary to any recovery in an action based on contract"). Afshani argues that defendants SPE and SMTA are merely alter egos for Spirit and asks us to pierce the corporate veil, but because Afshani hasn't stated a fraud claim, the Court sees no reason to do so. *See Potter*, 607 F.3d at 1035–36 (requiring "proof that [the defendant] committed an actual fraud against [the plaintiff]" to pierce the veil).

[21] The Court declines to address the parties' other arguments for dismissal, including improper joinder and the economic loss doctrine. Additionally, the Court will not rule on the plaintiff's rescission claim, because as the Court previously held, "rescission is a remedy, not a freestanding cause of action," and there is no wrong before the Court that requires a remedy. *Afshani*, 2020 WL 1139884 at *3. *See also Kennebrew v. Harris*, 425 S.W.3d 588, 595 (Tex. App.—Houston [14th Dist.] 2014).